UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEVEN MACNAIR | * | CIVIL ACTION |
| VERSUS | * | NO. 23-761 |
| CHUBB EUROPEAN GROUP SE | * | SECTION "T" (2) |

## ORDER AND REASONS

Before me on an expedited basis is Plaintiff Deven MacNair's Motion to Compel Discovery Responses and Compliance with Case Management Order.  ECF Nos. 36, 41.  The parties filed Opposition and Reply Memoranda.  ECF Nos. 42, 43.  No party requested oral argument, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Compel  (ECF No. 36) is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I.    BACKGROUND

### A.  Relevant Case History

Plaintiff Deven MacNair filed this suit against Defendant Chubb European Group, SE alleging Hurricane Ida damages to her property in New Orleans, Louisiana.  ECF No. 1-1 ¶¶ 1-2, 6-9.  Upon removal, this matter became subject to  this Court's Hurricane Ida Case Management Order ("CMO") and the Streamlined Settlement Program ("SSP") set forth therein.  *See* ECF Nos. 1, 3, 9.  On September 18, 2023, Chief Magistrate Judge North certified that the parties had complied with the requirements of the SSP but had not resolved their case, lifted the stay of this matter, and returned it to Judge Guidry's docket.  ECF No. 12.  The governing Scheduling Order establishes a discovery deadline of February 28, 2024.  ECF No. 29.

**B.  <u>Plaintiff's Motion to Compel</u>**

Plaintiff seeks to compel supplemental responses to Interrogatories Nos. 8, 12, 17, 19 and 21 and Requests for Production Nos. 10, 11, 14, 15, 16, 17, and 27, which requests seek, among other things, a certified copy of Plaintiff's Chubb policy in effect at the time of Hurricane Ida and written materials regarding Defendant's handling of Plaintiff's claim. ECF No. 36-2 at 2-3, 5.  Plaintiff asserts Chubb should have produced this information in its Hurricane Ida CMO Initial Disclosures but failed to do so, requiring her to issue formal discovery requests to which Defendant provided incomplete, evasive responses.  *Id*. at 1-2.

In Opposition, Defendant argues that Plaintiff's motion should be denied given her failure to confer in good faith regarding each disputed discovery request before seeking this Court's intervention and attach a Rule 37 certificate to her motion.  ECF No. 42.  Instead, Defendant asserts, Plaintiff identified only two outstanding documents during the parties' Rule 37 conference— a guidelines document from Chubb's Third-Party Administrator and a "certified policy"— and failed to meaningfully confer regarding the specific discovery requests at issue in her motion.  *Id*. at 2.

Plaintiff asserts in her Reply that Defendant has ignored its obligation to produce documents and information under this Court's CMO, which failure necessitated service of formal discovery requests. ECF No. 43.  Plaintiff contends that Defendant's responses to her written discovery requests constitute a "series of general, repetitive objections, reference to the proprietary nature of information, nondescript references to industry standards, and feigned confusion about the definition of common words."  *Id*. at 2.  As to the Rule 37 conference, Plaintiff notes that Chubb acknowledges that the conference occurred.  Plaintiff also acknowledges her failure to attach a Rule 37.1 Certificate to her motion but argues that her emails to defense counsel specify the discovery responses at issue.  *Id*. at 3.

## II.   APPLICABLE LAW

### A.  Rule 37's Meet and Confer Requirement

Rule 37(a)(1) of the Federal Rules of Civil Procedure requires that a discovery motion:

> include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

To ensure compliance with this Rule, this Court expressly requires the parties to provide detailed information in the required Rule 37 certification.[1]  These instructions further direct that the "meet and confer [must be] either in person or by telephone, not simply via email exchange."[2]

Plaintiff failed to attach any Rule 37 certification to her motion, let alone one compliant with this Court's Rule 37 requirements.  Further, although Plaintiff claims that counsel conferred regarding deficiencies in specific discovery responses, Defendant asserts that Plaintiff addressed only two documents in their Rule 37 conference and violated the rule by filing her motion without conferring in good faith regarding each response identified.

The failure to engage in a fulsome meet and confer on each disputed response prior to filing a discovery motion constitutes sufficient reason in itself to deny the motion.[3]  However, in the interests of expediency and judicial economy, the court may address the matter notwithstanding that failure. Accordingly, the Court will address the merits of this motion.

---

[1] *Motions & Oral Argument*, *The Honorable Donna Phillips Currault*, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA, http://www.laed.uscourts.gov/judges-information/judge/honorable-donna-phillips-currault (last visited February 16, 2024).
[2] *Id.*
[3] *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014) (stating the Rule 37 certification is a prerequisite); *see also Greer v. Bramhall*, 77 F. App'x 254, 255 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying motion to compel for failing to follow Rule 37); *D.H. Griffin Wrecking Co., Inc. v. 1031 Canal Dev., L.L.C.*, No. 20-1051, 2020 WL 8265341, at *3 (E.D. La. Apr. 16, 2020) (citing cases).

**A.  Hurricane Ida Discovery Protocols**

On August 26, 2022, this Court adopted CMO No. 1 to govern Hurricane Ida claims.  CMO #1 includes provisions for certain mandatory initial disclosures as well as a streamlined settlement program ("SSP") that requires parties to engage in informal settlement conferences as well as court-ordered mediation.  *See* Sections 1, 3.  Exhibit A to the CMO sets forth the Initial Discovery Protocols (hereinafter, "the Protocols") for first-party insurance property damage cases arising from Hurricane Ida, which Protocols mandate production of certain information and documents by the insured and insurer within 30 days after the insurer has submitted a responsive pleading or motion (unless otherwise ordered).  In addition to a "complete Policy in effect at the time of the Event," the Protocols mandate production of:

> Any manuals, policies, directives, guidelines, instructions (whether written, electronic, or otherwise), literature, or similar written materials that would pertain to the Claimed Loss, or to similar types of claims generally such that they would therefore be applicable to the Hurricane Cases including the Insured's claim. This includes any document that Insurer relied upon, or intends to rely upon, pertaining to industry guidelines, standard practices, or recommended practices for adjusting first party claims.[4]

**B.  Scope of Discovery**

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable."  FED. R. CIV. P. 26(b)(1).

---

[4] *Initial Discovery Protocols for First-Party Insurance Property Damage Cases Arising from Hurricane Ida*, § 3(C), at 7-8 (*see* ECF No. 11).

The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[5]  This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial. Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[6]  At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[7] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[8]  If relevance is in doubt, the court should be permissive in allowing discovery.[9]

### C. Duties in Responding to Discovery

#### 1. Full and Complete Responses

A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and explain whether any responsive information or documents have been withheld.[10]  Although a party responding to interrogatories is not required to make an extensive investigation in responding to an interrogatory, it must review all sources of responsive information reasonably available and provide the responsive, relevant facts reasonably available.[11]  The fact that an interrogatory calls for a thorough response—one that will

---

[5] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).

[6] *Id.* n.5 (citation and quotation omitted).

[7] *Id*. (citations omitted).

[8] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *3 (E.D. La. Nov. 21, 2017) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).

[9] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'r, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987) (internal quotations omitted)).

[10] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).

[11] *Lopez* at 579 (citing 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2174 (3d ed. 2013)).

take time and effort to answer—does not make it improper.[12]  Where an interrogatory answer "'as a whole disclose[s] a conscientious endeavor to understand the question[] and to answer fully [that question],' a party's obligation under Rule 33 is satisfied."[13]

Likewise, a party must provide full and complete responses to requests for production within thirty days after being served same unless otherwise stipulated or ordered.  FED. R. CIV. P.34(b)(2)(A).  This production must occur "no later than the time for inspection specified in the request or another reasonable time specified in the response."  FED. R. CIV. P. 26(a)(1)(A)(ii); 34(a)(1); FED. R. CIV. P. 34(b)(2)(B).[14]  A party responding to discovery must produce responsive documents not only that are within that party's actual, physical possession, but also documents that are within the party's constructive possession, custody or control.  FED. R. CIV. P. 26(a)(1)(A)(ii); 34(a)(1).  For each request, the respondent must either state that the inspection or production will be permitted or state with specificity the grounds for objection, including the reason.  FED. R. CIV. P. 34(b)(2)(B).

## 2.  Objections

A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and explain whether any responsive information or documents have been withheld.[15]  The party objecting must state how the objection

---

[12] *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (citing *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307–08 (5th Cir. 1973)).

[13] *Id.* (citing *Meltzer/Austin Rest. Corp. v. Benihana Nat'l. Corp.*, No. 11–542, 2013 WL 2607589, at *3 (W.D. Tex. June 10, 2013) (quoting 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2177 (3d ed. 2010))).

[14] A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty.  *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Monroe's Estate v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).

[15] *Lopez v. Don Herring Ltd*., 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).

"relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'"[16]  Any objection must clearly state how the information sought is not relevant to any claim or defense, or how the request is overbroad, burdensome or oppressive.[17]

When a party objects to a request for production, the "objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."[18]  Objections interposed without also indicating whether any document or information is being withheld are improper.[19]  Responses must also clearly state whether any responsive materials are being withheld and the specific basis for objecting and not producing same.[20]

The Federal Rules of Civil Procedure take a "demanding attitude toward objections,"[21] and courts have long interpreted the rules to prohibit general, boilerplate objections.[22]  Boilerplate objections use standardized, ready-made or all-purpose language without regard to the particular

---

[16] *Cheshire v. Air Methods Corp*, No. 15-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) (quotations omitted).

[17] *Chevron Midstream Pipelines v. Settoon Towing, LLC*, Nos. 13-2809, 13-3197, 2015 WL 269051 at *3 (E.D. La. Jan. 20, 2015) (noting objections are boilerplate and insufficient if they merely state "the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond.") (citation omitted).

[18] FED. R. CIV. P. 34(b)(2)(C); *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016), *objections overruled sub nom. Orchestratehr, Inc. v. Trombetta*, No. 3:13-CV-2110-KS-BH, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).

[19] *See Chevron*, 2015 WL 269051 at *4 (holding that objections fall woefully short of objecting party's burden when party objected to documents and information protected by privilege but did not describe whether any documents were withheld or the nature of withheld documents).

[20] *Id*. (citation omitted) ("Objections that fail to provide an appropriate basis make it difficult for the parties to even informally discuss any alleged defects in a discovery request or response in hope of fixing the defects.").

[21] 8B CHARLES WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2173 (3d ed. 2021).

[22] *See, e.g.*, *Chevron,* 2015 WL 269051, at *3 (noting that an objection is boilerplate and insufficient "when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request.") (citation omitted); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485–86 (5th Cir. 1990) (simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive" is inadequate to "voice a successful objection.") (citations omitted).

discovery request.[23] General objections refer to objections that a party responding to discovery asserts as applicable to multiple individual requests set forth in a given set of discovery requests.[24] A general objection untethered to specific requests (and is thus also a boilerplate objection) is improper.[25] Merely copying and pasting an objection by itself, however, does not render an objection a boilerplate objection.[26] Likewise, in some instances, general objections may serve as an efficient response whereby the court may consider and rule upon general objections raised against sets of interrogatories or requests for production.[27] To serve this purpose and to comply with the Federal Rules of Civil Procedure, however, the general objections must raise specific objections and correspond to specific discovery requests.[28] Where a general objection is connected both to the facts of the case and specific discovery requests, they are proper; when they are disconnected from either the facts or the discovery requests, they are not proper.

Further, it is improper for parties responding to discovery to provide responses with the caveat that they are given "subject to and without waiving" objections. Federal courts have repeatedly recognized that such language is improper and inconsistent with the Federal Rules.[29]

---

[23] *See Tim Long Plumbing, Inc. v. Kinsale Ins. Co.*, No. 20-42, 2020 WL 6559869, at *3 (E.D. Tex. Nov. 9, 2020) (citation omitted) (providing examples for boiler plate language, such as "Defendant objects to this Request, as it is overly broad and vague" and "Defendant objects to this Request to the extent it seeks discovery of information that is irrelevant and not proportional to the needs of the case."). Objections are deemed "boilerplate" when they are identical and not tailored to the specific discovery request. *Amazing Ins., Inc. v. DiManno*, No. 19-1349, 2020 WL 5440050, at *5 (E.D. Cal. Sept. 10, 2020) (citation omitted).

[24] *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 134 n.16 (3d Cir. 2009).

[25] *See DL v. Dist. of Columbia*, 251 F.R.D. 38, 43 (D.D.C. 2008) (citation omitted) ("When faced with general objections, the applicability of which to specific document requests is not explained further, this Court will not raise objections for the responding party, but instead will overrule the responding party's objections on those grounds." (internal quotations omitted)).

[26] *Tim Long Plumbing*, 2020 WL 6559869, at *4.

[27] *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 304 (D. Kan. 1996) (citations omitted).

[28] *Dickey v. Apache Indus. Servs., Inc.*, No. 18-572, 2019 WL 4261117, at *3 (M.D. La. Sept. 9, 2019) (collecting cases); *see Hall v. Louisiana*, No. 12-657, 2014 WL 2560579, at *1 (M.D. La. June 6, 2014) ("Defendants initially gave general objections applicable to all of Plaintiff's discovery requests. But critically, after providing their general objections, Defendants addressed each and every discovery request individually, making specific objections before providing detailed and informative responses, notwithstanding those objections.").

[29] *Heller v. City of Dallas*, 303 F.R.D. 466, 486 (N.D. Tex. 2014) (citations omitted) ("The practice of asserting objections and then answering 'subject to' and/or 'without waiving' the objections–like the practice of including a stand-alone list of general or blanket objections that precede any responses to specific discovery requests–may have developed as a

### 3.  Possession, Custody or Control

A party responding to discovery must produce responsive documents not only that are within that party's actual, physical possession, but also documents that are within the party's constructive possession, custody or control.  FED. R. CIV. P. 26(a)(1)(A)(ii); 34(a)(1).  A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty.[30]  Thus, documents owned or possessed by agents, attorneys, hired consultants and other third parties hired by a party that the party can reasonably obtain the requested information from upon its own request fall within that party's custody or control.[31]

The burden is on the party seeking discovery to show that the other party has control over the material sought.[32]  To establish control over documents in the possession of a non-party, the movant must typically show that there is "a relationship, either because of some affiliation, employment or statute, such that a party is able to command release of certain documents by the non-party person or entity in actual possession."[33]  Factors to consider in determining whether a party has "control" of materials include whether the party could secure the materials from the non-party to meet its own business needs or whether, by virtue of stock ownership or otherwise, the party effectively controls the other entity.[34]

---

reflexive habit . . . [but the practice] 'manifestly confuses (at best) and mislead[s] (at worse), and has no basis at all in the Federal Rules of Civil Procedure.'").

[30] *Becnel*, 2018 WL 691649, at *3 (citations omitted); *Monroe's Estate v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).

[31] *Becnel*, 2018 WL 691649, at *3 (" 'Control' ... extends to materials which the party to whom the request is made has the legal right to obtain ..., even though in fact it has no copy.") (brackets in original) (citing cases); *Dillard Univ. v. Lexington Ins. Co.*, No. 06-4138, 2008 WL 11350306, at *1 (E.D. La. Mar. 27, 2008) (Materials provided by the party to its hired consultants may be within that party's possession, custody, or control) (collecting cases).

[32] *Washington-St. Tammany Elec. Coop., Inc. v. Louisiana Generating, L.L.C.*, No. 17-405, 2019 WL 1804849, at *7 (M.D. La. Apr. 24, 2019) (citation omitted).

[33] *S.Filter Media, LLC v. Halter*, No. 13-116, 2014 WL 4278788, at *5 (M.D. La. Aug. 29, 2014) (citations omitted).

[34] *Benson v. Rosenthal*, No. 15-782, 2016 WL 1046126, at *4 (E.D. La. Mar. 16, 2016) (citations omitted) (noting that, "under some circumstances courts interpret the control concept to go beyond whether the litigant has a legal right to obtain materials and focus on practical ability to obtain them.").

In determining the sufficiency of control over material for discovery purposes, the nature of the relationship between the party and the non-party is key.[35]  Thus, "possession, custody, and control" does not simply contemplate physical and actual possession, but rather whether the responding party could come into possession of the requested document upon reasonable inquiry.[36]

## III.   ANALYSIS

### A.  Initial Disclosures

#### 1.  Certified Policy

Plaintiff seeks to compel production of a "certified" copy of the insurance policy in effect on the date of loss.  The Hurricane Ida CMO Initial Discovery Protocols, however, mandate production of a "complete Policy in effect at the time of the Event," not a "certified" insurance policy.

Defendant indicates that the parties have apparently agreed to stipulate to the authenticity and effectiveness of the insurance policy in this case for trial purposes.[37]  In the absence of a stipulation, Plaintiff may propound a Rule 36 request for admission to obtain any necessary certifications with regard to the complete policy provided.  Accordingly, the request for a "certified policy"[38] is denied.

#### 2.  Manuals, Policies, and Directives

The Initial Discovery Protocols provide that, within 30 days after submission of a responsive pleading or motion, an insurer must produce

> [a]ny manuals, policies, directives, guidelines, instructions (whether written, electronic, or otherwise), literature, or similar written materials that would pertain to the Claimed Loss, or to similar types of claims generally such that they would therefore be applicable to the Hurricane Cases including the Insured's claim. This includes any document that Insurer relied upon, or intends to rely upon, pertaining to industry

---

[35] *Washington-St. Tammany Elec. Coop., Inc*., 2019 WL 1804849, at *7 (quoting *Monroe's Estate*, 2004 WL 737463, at *10).

[36] *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4905796, at *3-*4 (E.D. La. Jan. 15, 2020) (citing *Becnel*, 2018 WL 691649, at *3 ("Rule 34's definition of possession, custody, or control, includes more than actual possession or control of [documents]; it also contemplates a party's legal right or practical ability to obtain [documents] from a [non-party] to the action")).

[37] *See* ECF No. 42  at 2.

[38] Requested in accordance with the Initial Discovery Protocols and in Request for Production No. 27.

guidelines, standard practices, or recommended practices for adjusting first party claims.[39]

Defendant filed its Answer on April 13, 2023, meaning it should have disclosed the above documents on or before May 13, 2023. Defendant's nine-month delay in production is improper. It must produce the documents identified above within fourteen (14) days.

**B. Interrogatories and Requests for Production**

Defendant's general objections, none of which are tethered to specific discovery requests, are overruled. Likewise, for the reasons set forth in Section II(C)(2), Defendant's assertion that some of its responses are given "subject to and without waiver" of its objections is inappropriate, has no basis in the Federal Rules of Civil Procedure, and is hereby stricken. If any response is incomplete in reliance on these "general objections" or the "subject to" language, Defendants are ordered to supplement their responses to fully respond to the discovery request.

Although Defendant appears to assert work product and attorney-client privilege, that assertion is unclear in all responses other than Request for Production No. 18 given Defendant's invocation "to the extent" the requests seek protected information. Such conditional language is improper, confusing, and fails to make clear whether Defendant is in fact withholding any document on the basis of privilege, in violation of Rule 34's requirement that a party withholding information based on privilege or work product "***must*** (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the claim." FED. R. CIV. P. 26(b)(5) (emphasis added).

Although Defendant references a privilege log in one discovery response,[40] neither party attached a privilege log nor otherwise argued that same even exists. Rule 34's use of the word "must"

---

[39] ECF No. 11 § 3(C)(11) at 22.
[40] *See* ECF No. 36-8 at 11-12.

indicates that production of a privilege log, including the detail specified by Rule 26(b)(5)(A)(i) and (ii), is mandatory.  Within 14 days, Defendant must provide Plaintiffs with a full and complete privilege log specifying any document withheld on the basis of work product or privilege.  Likewise, Defendant's objection to requests "to the extent [they seek] confidential and proprietary information" is also overruled.  Any specific confidentiality concerns may be addressed through a protective order.

Defendant's objection to requests "to the extent [they seek] information in the hands of third parties" is also overruled.  Defendant is obligated to produce not only the information in its actual, physical possession but also documents within its constructive possession, custody, or control.  FED. R. CIV. P. 26(a)(1)(A)(ii); 34(a)(1).  A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty.[41]  Thus, documents owned or possessed by agents, attorneys, hired consultants and other third parties hired by a party that the party can reasonably obtain the requested information from upon its own request fall within that party's custody or control.[42]  Defendant must supplement its responses with responsive documents in its actual or constructive possession, custody, or control within fourteen (14) days.

Defendant's objections to requests being "overly broad and not reasonably calculated to lead to admissible evidence" are also improper given Defendant's invocation of an outdated discovery standard.[43]  The current parameters for permissible discovery, as established by Rule 26(b)(1), extend

---

[41] *Becnel*, 2018 WL 691649, at *3 (citations omitted); *Monroe's Estate*, 2004 WL 737463, at *10 (citation omitted).

[42] *Becnel*, 2018 WL 691649, at *3 (" 'Control' ... extends to materials which the party to whom the request is made has the legal right to obtain ..., even though in fact it has no copy.") (brackets in original) (citing cases); *Dillard Univ. v. Lexington Ins. Co*., No. 06-4138, 2008 WL 11350306, at *1 (E.D. La. Mar. 27, 2008) (Materials provided by the party to its hired consultants may be within that party's possession, custody, or control) (collecting cases).

[43] Nine years ago, Congress jettisoned such language:  "The 2015 amendments to Rule 26 deleted from the definition of relevance information that appears 'reasonably calculated to lead to the discovery of admissible evidence' because '[t]he phrase has been used by some, incorrectly, to define the scope of discovery' and 'has continued to create problems' given its ability to 'swallow any other limitation on the scope of discovery.'"  FED. R. CIV. P. 26, advisory committee's note to 2015 amendment.

to that which is non-privileged, relevant to claims and defenses in the case and within Rule 26's proportionality limits. To the extent Defendant attempts to invoke the proportionality standard, it does not address how the discovery fails Rule 26(b)'s proportionality calculation by coming forward with specific information to address the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Under these parameters, Defendant's overbreadth objections are sustained in part and modified to require the following:

**REQUEST NO. 10:** Produce the reference materials, guidelines, policies, handouts, manuals, outlines, articles and/or documents relied on by Defendant and/or its agent in handling Plaintiff's claim.

**REQUEST NO. 11:** Produce the reference materials, guidelines, policies, handouts, manuals, outlines, articles and/or documents relied on by Defendant and/or its agents in determining whether to repair or replace damage in the handling of Plaintiff's claim.

**REQUEST NO. 14:** Produce all documents reflecting the basis on which coverage was denied.

**REQUEST NO. 15:** Produce the Master-Service Agreement(s) and/or any other written agreements in effect on August 29, 2021, addressing the handling, adjustment, resolution, or payment of Plaintiff's claims entered into between Chubb and Minuteman Adjusters and any other third party adjusters, third-party administrators, and/or general managing agents.

**REQUEST NO. 16:** Produce your written procedures or policies, or those of your third-party adjusters, third-party administrators, and/or general managing agents (including document(s) maintained in electronic form) for:
    a. Handling weather related insurance claims in Louisiana effective six (6) months prior to the Date of Loss to the present;
    b. Calling for replacement versus repair of a roof based on the amount of shingle damage, the amount of water intrusion, and the amount of visible signs of storm created openings effective six (6) months prior to the Date of Loss to the present.

**INTERROGATORY NO. 8:** Identify all written procedures and policies (including document(s) maintained in electronic form) in effect on Plaintiff's date of loss for both Chubb's internal and/or third-party adjusters, third-party administrators, and general managing agents for property and casualty claims.

**INTERROGATORY NO. 12:** Identify with specificity the specific industry standards, if any, Chubb, its third-party adjusters, third-party administrators, and its general managing agents relied upon in assessing the damages and the cost of repairing these damages for Plaintiff's claim.

**INTERROGATORY NO. 17:** Describe the pricing guidelines and software utilized by Chubb, its third-party adjusters, third-party administrators, and its general managing agents in estimating Plaintiff's claim.

**INTERROGATORY NO. 19:** List any adjusters employed in connection with the handling of Plaintiff's Hurricane Ida property claim.

**INTERROGATORY NO. 21:** Does Chubb have a written document with Minuteman Adjusters or any other third-party adjusters, third-party administrators, or general managing agents under which Plaintiff's property damage claim was adjusted?  If so, please list the date of same and identify all parties to same.

## IV.    CONCLUSION

Defendant's nine-month delay in production of documents identified in this Court's Hurricane Ida Initial Discovery Protocols is improper.  Likewise, its discovery responses, most of which reflect boilerplate, unsubstantiated objections, are insufficient.  The discovery deadline in this matter is less than two weeks away.  Defendant must supplement its responses within fourteen days of this Order. Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Compel (ECF No. 36) is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.  Defendant must provide full and complete responses, including a proper privilege log, within fourteen (14) days of this Order.

New Orleans, Louisiana, this 16th day of February, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE