UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEVEN MACNAIR | * | CIVIL ACTION |
| VERSUS | * | NO. 23-761 |
| CHUBB EUROPEAN GROUP SE | * | SECTION "T" (2) |

**ORDER AND REASONS**

Pending before me is Defendant Chubb European Group SE's Motion for Leave to File Supplemental Answer, Affirmative Defenses, and Counterclaims.  ECF No. 78.  Plaintiff Deven MacNair filed an Opposition Memorandum and Chubb filed a Reply Memorandum.  ECF Nos. 81, 82.  No party requested oral argument, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant's Motion for Leave is GRANTED for the reasons stated herein.

I.  **BACKGROUND**

A.  **Factual History**

Plaintiff Deven MacNair filed suit against Defendant Chubb European Group, SE alleging Hurricane Ida damages to her property in New Orleans, Louisiana.  ECF No. 1-1 ¶¶ 1-2, 6-9.  Upon removal, this matter became subject to this Court's Hurricane Ida Case Management Order ("CMO") and the Streamlined Settlement Program ("SSP") set forth therein.  *See* ECF Nos. 1, 3, 9.  On September 18, 2023, Chief Magistrate Judge North certified that the parties had complied with the requirements of the SSP but had not resolved their case, lifted the stay of this matter, and returned it to Judge Guidry's docket.  ECF No. 12.

The initial Scheduling Order established a March 31, 2024, trial date with a discovery deadline of January 29, 2024.  ECF No. 19.  This Order also established a deadline of November 3, 2023 for

1

amendments to the pleadings.  *Id.* at 3.  The current Scheduling Order set the trial date for September 11, 2024, but does not address amendments.  ECF No. 71.

### B. The Pending Motion for Leave

Defendant Chubb seeks leave to amend its answer to assert affirmative defenses of fraud and misrepresentation as well as violation of several policy provisions (e.g., Condition C – Duties after Loss; R – Concealment and Fraud).  ECF No. 78-1 at 2-3.  It also seeks to assert a counterclaim for fraud and breach of contract.  *Id.* at 3.  Citing Rule 16 and arguing that it has established good cause, Chubb contends that, well after Plaintiff's mandatory CMO disclosures, it learned of relevant facts underlying these amended defenses and claims between October 4, 2023 through February 23, 2024 and that it has continued to learn of new facts during discovery including in depositions through February 19, 2024.  *Id.* at 5-6.

Briefly, Chubb asserts that, after filing its Answer, it learned that Plaintiff submitted repair estimates represented to be for storm damage when, in fact, they were for a complete home renovation and landscaping upgrade, and that Plaintiff hid extensive communication with her architect regarding renovation plans.  *Id.* at 6-7.  In addition, Chubb asserts that it learned that Plaintiff provided false information regarding her tenant when pursuing a lost rents claim.  *Id.* at 7.  Citing Judge van Meerveld's decision in *McDonnel Group LLC*,[1] Chubb argues that it could not seek to amend until it had obtained the necessary factual information to support its defenses and claims.  *Id.* at 7-8.  Chubb contends that Plaintiff will not suffer any prejudice because the trial date has already been continued until October 28, 2024, with a discovery deadline of August 19, 2024.  *Id* at 10.

In Opposition, Plaintiff argues that Chubb has not established good cause to justify amendment well past the November 3, 2023 deadline, particularly given that Chubb knew of the facts

---
[1] *McDonnel Group LLC v. Starr Surplus Lines Ins. Co.,* No. 18-1380, 2020 WL 3001959, at *4 (E.D. La. Jan. 17, 2020).

2

underlying these defenses and claims since February 2024 when it filed its motion for summary judgment. ECF No, 81 at 1, 3. Plaintiff also argues that amendment will upset the new August 19, 2024 discovery deadline and trial date and that the new Scheduling Order did not extend expert deadlines. *Id.* at 1-2, 4. Because Chubb's motion for leave was not filed until six months after the November 3rd deadline for amendments and three months after it filed the summary judgment motion addressing the facts upon which this motion for leave is based, Plaintiff contends Chubb has failed to establish good cause to modify the Scheduling Order and amend at this late date. *Id*. at 4-7. Plaintiff contends prejudice exists because the discovery deadline has passed so she would not be able to obtain a new expert to refute any of Chubb's new claims or defenses, and that it would result in a third trial continuance. *Id.* at 7-8. Plaintiff also argues that the amendment is futile and unimportant as Chubb can already rely on policy provisions as a defense. *Id.* at 8-12.

In Reply, Chubb notes that the parties' mandated participation in the Court's Hurricane Ida Streamlined Settlement Program limited discovery, and only after the case was returned to the docket did Chubb discover Plaintiff's purported misrepresentations, which was after the November 3, 2023 amendment deadline. ECF No. 82. Chubb further argues that Plaintiff has withheld information, forcing it to develop "supportive facts by arduous third-party subpoena discovery, which continues to this day." *Id*. at 2. In light of the heightened pleading standard applicable to affirmative defenses and counterclaims of fraud and the absence of prejudice to Plaintiff given that the information is within her possession with ample time remaining to complete discovery, leave is proper. *Id*. at 3-5.

II. **APPLICABLE LAW**

While Rule 15(a) applies when a party seeks leave to amend before expiration of the deadline for amendments, when leave is sought *after* the scheduling order deadline for amendments has

3

expired, the analysis is governed by Rule 16.[2] Under Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent."[3] The movant must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[4] The trial court has "broad discretion to preserve the integrity and purpose of the pretrial order," and "[o]nly upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."[5]

### A. Rule 16's Standard

The four factors relevant to determining the existence of good cause in the context of post-deadline amendment are: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[6]

"Newly discovered information acquired through discovery . . . constitute[s] good cause for an untimely leave to amend under Rule 16."[7] When analyzing the prejudicial nature of a proposed amendment, the court must consider "whether the proposed amendment (1) was merely proposing alternative legal theories for recovery on the same underlying facts or (2) would fundamentally alter the nature of the case."[8] Late stage amendments that essentially "plead[] a fundamentally different case with new causes of action and different parties . . . effectively reconstructing the case anew" are

---

[2] *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535–36 (5th Cir. 2003) (holding that Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and only upon a showing of good cause and with the judge's consent will the more liberal standard of Rule 15(a) apply to the court's decision to grant or deny leave).
[3] FED. R. CIV. P. 16(b).
[4] *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (citation omitted).
[5] *S&W Enters.*, 315 F.3d at 535–36 (cleaned up); *see also Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).
[6] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enters.*, 315 F.3d at 536).
[7] *Rivera v. Robinson*, No. 18-14005, 2019 WL 4024939, at *2 (E.D. La. Aug. 27, 2019) (citing *Bayou Liberty Prop., LLC v. Best Buy Stores, LP*, 2015 WL 1415704, at *2 (E.D. La. Mar. 27, 2015)); *see also EPL Oil & Gas, Inc. v. Tana Expl. Co., LLC*, No. 18-00757, 2018 WL 4489287, at *3 (E.D. La. Sept. 17, 2018) (finding good cause and valid explanation existed where party only learned of facts supporting the claims after the amendment deadline).
[8] *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (citation omitted).

unduly prejudicial and should not be permitted.[9]  In contrast, "amendments that merely propose alternative legal theories for recovery on the same underlying facts should be permitted 'as they advance Rule 15(a)'s policy of promoting litigation on the merits rather than on procedural technicalities.'"[10]

Only when the "good cause" requirements under Rule 16(b) are satisfied is the analysis under Rule 15(a)(2) triggered.[11]

### C. Rule 15's Standard

Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires."[12]  This inquiry requires the court to balance the difficult task of assuring a party a fair opportunity to present his claims and defenses while at the same time protecting the district court from being imposed upon by the presentation of theories seriatim.[13]  Given Rule 15(a)'s "bias in favor of granting leave to amend,'" a court "must possess a 'substantial reason' to deny a request.'"[14]  Courts regularly examine five considerations in determining whether to grant leave to amend: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[15]  Absent

---

[9] *Mayeaux*, 376 F.3d at 427 (finding proposed amendment destroying the court's jurisdiction years into the litigation fundamentally altered the case).
[10] *Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Servs., LLC*, No. 12-1979, 2015 WL 4254130, at *5 (Roby, M.J.) (E.D. La. July 13, 2015) (quoting *Mayeaux*, 376 F.3d at 427).
[11] *See S&W Enters.*, 315 F.3d at 535–36.
[12] FED. R. CIV. P. 15(a).  Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) (citing *Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002) (internal citation omitted)).  The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux,* 376 F.3d at 425 (internal quotations omitted) (quoting *Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 863, 872 (5th Cir. 2000)).  A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility.  *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).
[13] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citation omitted).
[14] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citations omitted).
[15] *Id.* at 595 (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

a "substantial reason," such as any of the *Foman* factors, the court's discretion "is not broad enough to permit denial."[16]

### 1. Undue Delay

Rule 15(a)(2) does not itself impose a time limit on seeking leave to amend.[17] However, a litigant's failure to assert a claim as soon as he could have done so is properly a factor to be considered in deciding whether to grant leave to amend.[18] At some point, plaintiff's delay can be procedurally fatal.[19] In that situation, plaintiff must meet the burden of showing that the delay "was due to oversight, inadvertence, or excusable neglect."[20]

Courts have found "undue delay" when a plaintiff knew the facts "all along" but waited over a year after the first amended complaint to seek leave to amend raising those facts.[21] "Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant."[22] Further, "delay alone is an insufficient basis for denial of leave to amend: The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court."[23]

### 2. Undue Prejudice

The Fifth Circuit and other courts have found prejudice when the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of

---

[16] *Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling v. Jordan Prod. Co.,* 234 F.3d 863, 872 (5th Cir. 2000)).
[17] *See Smith*, 393 F.3d at 595 (stating that Rule 15(a) does not impose a time limit "'for permissive amendment'") (citation omitted); *see also Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (citation omitted) ("Lacking a time limit or an outer bound on when amendment is permissible, [Rule 15(a)(2)] instructs courts to freely give leave to amend when justice so requires.").
[18] *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982) (finding late assertion of claim acceptable when all other factors pointed in favor of movant, no pretrial order or pretrial conference had been held, and the record contained no evidence of movant's bad faith).
[19] *Smith*, 393 F.3d at 595 (citing *Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992) (internal citation omitted)).
[20] *Id.* (citation omitted); *see also Parish v. Frazier*, 195 F.3d 761, 763-64 (5th Cir. 1999) (citation omitted).
[21] *See, e.g.*, *C3PO Int'l, Ltd. v. DynCorp Int'l, L.L.C.*, 663 F. App'x 311, 314 (5th Cir. 2016) (affirming district court's decision).
[22] *Carson*, 689 F.2d at 584.
[23] *Mayeaux*, 376 F.3d at 427 (citations omitted).

6

or in the middle of trial.[24] A party is prejudiced if an amendment would require that it to "reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court."[25] Likewise, amendments that fundamentally alter the nature of the case[26] or would force a party to re-urge the same arguments presented in previous dispositive motions[27] are considered prejudicial.

### D.   Amendments Adding Affirmative Defenses

A party responding to a pleading must affirmatively state any avoidance or affirmative defenses.[28] Even after *Iqbal* and *Twombly* announced the pleading standard for complaints, the Fifth Circuit has continued to apply a "fair notice" standard for assessing affirmative defenses, as set forth in *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).[29] This requires a defendant to plead its affirmative defense with "enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."[30] Failure to timely plead an affirmative defense may result in

---

[24] *See Smith*, 393 F.3d at 594–96 (affirming denial of leave to amend based on undue delay and prejudice where amendment would add a new claim in the middle of trial after discovery had closed); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (citation omitted) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of leave to amend where the plaintiff filed the motion "on the eve of the discovery deadline"); *see also Ruby Slipper Cafe, LLC v. Belou*, No. 18-01548, 2018 WL 11179117, at *2 (E.D. La. July 3, 2018) (looking to whether the filing is within the court-imposed deadlines or would require the re-opening of discovery to assess undue delay and prejudice).

[25] *Smith*, 393 F.3d at 596 (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)). *Cf. Mayeaux* 376 F.3d at 427 (citation omitted) (distinguishing between amendments that propose alternative legal theories, which "generally should be permitted," and those that "fundamentally alter the nature of the case," which "may be denied if the circumstances warrant;" and finding no abuse of discretion in denial of amendment that would have unduly prejudiced the original and proposed new defendants by allowing plaintiffs to plead "a fundamentally different case with new causes of action and different parties" after the case had been pending for years and near the end of discovery); *see also C3PO Int'l*, 663 F. App'x at 314 (affirming denial of leave to amend based on, among other things, prejudice because of discovery and trial deadlines).

[26] *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 & n.12 (5th Cir. 2012) (finding leave properly denied where proposed amendment was based on documents known to plaintiff for over a year and added new causes of action that "dramatically altered the subject matter of the suit at a late juncture . . . requir[ing] expansive [additional] discovery and litigation"); *Mayeaux*, 376 F.3d at 427–28 (finding that complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruct[ed] the case anew.").

[27] *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016).

[28] FED. R. CIV. P. 8(c).

[29] *See Thomas v. Chambers*, No. 18-4373, 2019 WL 2289495, at *5 (E.D. La. May 28, 2009) (Vance, J.) (citing cases); *see also Rogers v. McDorman*, 521 F.3d 381, 385-86 (5th Cir. 2008) (applying "fair notice" standard after *Twombly* but before *Iqbal*).

[30] *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014) (citing *Rogers*, 521 F.3d at 385–86 (quoting *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999))).

waiver and the exclusion of the defense from the case.[31]

In the context of amending to add affirmative defenses, unfair surprise and prejudice are central concerns underlying the requirement that a defendant timely plead affirmative defenses.[32] "Where the matter is raised in the trial court in a manner that does not result in unfair surprise," technical failure to comply precisely with Rule 8(c) is not fatal.[33] A defense may be considered if it was raised "at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond."[34] Courts "look at the overall context of the litigation and have found no waiver where no evidence of prejudice exists and sufficient time to respond to the defense remains before trial."[35] Whether there was unfair surprise or prejudice is a fact-specific inquiry based on the circumstances of the case.[36]

### III. ANALYSIS

Chubb has established good cause for not seeking to amend before expiration of the November 3, 2023 deadline for amendment. Newly discovered evidence is the quintessential justification for seeking an untimely amendment. As of November 3, 2023, Chubb had only begun to learn of the facts underlying its defenses and counterclaim. Further, the amendment does not fundamentally alter the nature of the case but merely proposes alternative legal theories based on the same underlying facts. This amendment is of critical importance to Chubb and given the continued discovery deadline

---

[31] *Morris v. Homco Int'l, Inc.*, 853 F.2d 337, 342–43 (5th Cir.1988).
[32] *LSREF2 Baron, LLC,* 751 F.3d at 401-02 (citing *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987)).
[33] *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855–56 (5th Cir. 1983) (citing *Jones v. Miles*, 656 F.2d 103, 107 n.7 (5th Cir. 1981)). The district court's determination that a plaintiff has not been unfairly surprised or prejudiced by a defendant's untimely assertion of an affirmative defense is reviewed for an abuse of discretion. See *LSREF2 Baron, LLC*, 751 F.3d at 401-02.
[34] *Allied Chem. Corp.*, 695 F.2d at 856; see also *Bradberry v. Jefferson Cty., Tex.*, 732 F.3d 540, 553 (5th Cir. 2013) (holding technical failure to plead affirmative defenses did not prevent consideration of them where defenses were injected in the case and plaintiff had the opportunity to respond and made no objection); *Rogers v. McDorman*, 521 F.3d 381, 386 (5th Cir. 2008).
[35] *Scott v. E.I. du Pont de Nemours & Co.*, No. 13-741, 2016 WL 1464565, at *3 (M.D. La. Apr. 13, 2016) (quoting *Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572, 577 (5th Cir. 2009)) (internal quotations omitted); see also *Levy Gardens Partners 2007, L.P. v. Commonwealth Land Title Ins. Co.*, 706 F.3d 622, 633 (5th Cir. 2013).
[36] *Id.* (citations omitted).

and trial date, does not cause undue prejudice to Plaintiff. To the extent that an expert is necessary, Plaintiff may seek an extension of that deadline to obtain same without disruption to the October trial date.

Plaintiff does not argue bad faith or dilatory motive or repeated failure to cure deficiencies. Rather, she argues undue prejudice and futility of the amendment.[37] However, the amendment is not being asserted after the close of discovery nor on the eve or during the middle of trial. Nor has Plaintiff filed a dispositive motion that is implicated by the requested amendment. Plaintiff simply fails to establish undue prejudice. Thus, the Court cannot find that there is substantial reason to deny the request for leave to amend under Rule 15, particularly given that Plaintiff has no unfair surprise in light of learning of these issues at a pragmatically sufficient time through Chubb's earlier filings. Nor is the amendment futile. If Chubb's factual assertions are credited by the jury, that would significantly impact Plaintiff's claims and potential recovery.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant's Motion for Leave (ECF No. 78) is GRANTED for the reasons stated herein.

New Orleans, Louisiana, this ___5th___ day of June, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[37] *Id.* at 595 (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

9