UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEVEN MACNAIR                                         CIVIL ACTION

VERSUS                                               NO: 23-00761

CHUBB EUROPEAN GROUP SE                              SECTION: T (2)


## ORDER AND REASONS

Before the Court is Defendant Chubb European Group SE's Motion for Summary Judgment. R. Doc. 136. Plaintiff Deven MacNair has filed a response in opposition. R. Doc. 178. Defendant has filed a reply in support of its motion. R. Doc. 188. For the reasons set forth below, the Court will deny the Motion for Summary Judgment.

BACKGROUND

This is a highly contested Hurricane Ida case with a long history of litigation in this Court. Essentially, Defendant issued Policy Number VBWH679488R2 for the policy period of June 10, 2021, to June 10, 2022, to Plaintiff as its Named Insured ("Policy"), providing coverage subject to all provisions, terms, conditions, exclusions, and/or endorsements of the Policy for the property located at 526-528 Belleville Street, New Orleans, Louisiana, 70114 ("Property"). Plaintiff alleges Defendant breached the insurance contract between the parties by failing to pay amounts owed under the Policy in connection with her claim, No. 2102618 ("Claim"), for alleged damage to the Property as a result of Hurricane Ida on or about August 29, 2021, which Defendant denies.

1

Plaintiff alleges Defendant violated Louisiana's bad faith statutes, La. R.S. 22:1892 and 22:1973 with regard to the Claim, which Defendant denies. Defendant avers that it acted in good faith at all times, including its adjustment or the Claim and satisfaction of all duties owed under the Policy and/or law. Defendant avers that, under the Policy and applicable law, Plaintiff has failed to present "satisfactory proof of loss" for any alleged, unpaid contractual damages related to Hurricane Ida. Defendant avers that Plaintiff's claims against Defendant are barred or limited, in whole or in part, by the terms, conditions, provisions, limitations, exclusions and/or endorsements of the Policy. Defendant also avers, in its pending Motion for Leave to File Supplemental Answer, Affirmative Defenses, and Counterclaims that Plaintiff's claims are barred by the affirmative defenses of fraud and misrepresentation and violation of the Concealment and Fraud Policy Provision in Duties after loss as well as counterclaims for breach of contract and fraud.

Defendant has filed a Motion for Summary Judgment asserting there are no genuine disputes of material fact and that it is entitled to summary judgment as a matter of law dismissing Plaintiff's claims with prejudice. R. Doc. 136. Defendant asserts three separate and alternative legal grounds for its motion. First, Defendant contends the undisputed facts overwhelmingly establish that Plaintiff made repeated (at least ten) "material misrepresentations" to Chubb in connection with her insurance claim, resulting in a complete bar to coverage under the Policy's "material misrepresentation" provision. Second, in the alternative, Defendant contends the undisputed facts establish that Plaintiff failed to comply with her mandatory "Duties After Loss" set forth in the Policy, including her duty of cooperation, when she gutted the Property to the studs

2

without any notice to Chubb (despite being represented by counsel at that time). Finally, in the alternative, Defendant contends the undisputed facts establish that Plaintiff's "bad faith" claim is unsustainable as a matter of law because she failed to present "satisfactory proof of loss," and because no reasonable jury could find that Chubb lacked "probable cause" to deny payment for Plaintiff's renovation of the Property. *See* R. Doc. 136.

LAW and ANALYSIS

Summary judgment of a claim is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). A court must hold "a factual dispute to be 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party and a fact to be 'material' if it might affect the outcome of the suit under the governing substantive law." *Voelkel McWilliams Const., LLC v. 84 Lumber Co.*, 2015 WL 1184148, at *5 (E.D. La. Mar. 13, 2015) (quoting *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989)). When assessing whether a genuine dispute as to any material fact exists, courts "consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). Accordingly, at the summary judgment stage, courts must view the facts in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *See,*

3

*e.g., Darden v. City of Fort Worth, Texas*, 880 F.3d 722, 727 (5th Cir. 2018) (quoting *City & Cnty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 603 (2015); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

Of course, "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (internal quotation and citation removed). Although the movant bears the initial burden of demonstrating the absence of a genuine issue of material fact, if it can carry that burden, the nonmoving party must "go beyond the pleadings and ... designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 323–24. This burden is not satisfied by "metaphysical doubt as to the material facts" or only a "scintilla" of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994)). Summary judgment must thus be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. As the United States Supreme Court has explained, "[i]n such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. Courts "do not ... in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (citing *Lujan v. National Wildlife*

4

*Federation*, 497 U.S. 871, 888 (1990)) (emphasis original). Thus, "summary judgment is appropriate in any case 'where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.'" *Id.* (quoting *Armstrong v. City of Dallas*, 997 F.2d 62 (5th Cir. 1993)) (emphasis original).

Under Louisiana law, a plaintiff's insurance claim is subject to dismissal for "material misrepresentation" if: "(1) the statements made by the insured were false; (2) the misrepresentations were made with the actual intent to deceive; and (3) the misstatements materially affected the risk assumed by the insurer." *Chavez v. Homesite Ins. Co.*, 834 F. Supp. 2d 504, 507 (E.D. La.2011). *See also Dean v. State Farm Mut. Auto. Ins. Co.*, 2007-0645, p. 6 (La. App. 4 Cir. 1/16/08); 975 So.2d 126, 131 (holding that the same test applies whether misrepresentations were made in the negotiation of an insurance policy and made after a loss). Detrimental reliance is not a prerequisite to a defense of "material misrepresentation." *Williams v. United Fire & Cas. Co.*, 594 So. 2d 455, 459 (La. App. 1 Cir. 1991); *First Guar. Bank v. Pelican State Mut. Ins. Co.*, 590 So. 2d 1306, 1308 (La. Ct. App.1991).

Defendant details some ten to eleven instances of "material misrepresentations" by Plaintiff related to the renovation of the Property, any one of which it claims violates the Policy and precludes coverage for all of her claims. *See* R. Doc. 136-1. The Court, however, has reviewed the extensive exhibits and arguments submitted by the parties. While the Court is certainly doubtful of the potential misrepresentations, this is a highly fact intensive case, the resolution of which is dependent on credibility determinations of the Plaintiff in particular. The Court, based on the

5

record before it, cannot determine whether Plaintiff made the alleged misrepresentations "with the intent to deceive" without assessing her credibility. Such a determination is better left to the factfinder at trial. Thus, summary judgment is not appropriate at this juncture.

Similarly, the question of whether Plaintiff breached the Policy's mandatory "Duties After Loss" provision by gutting the entire property without notice to Defendant before submitting any claim documents thereby causing prejudice to Defendant is an issue best left to a jury. There is no doubt that cooperation clauses in insurance policies are intended to protect insurers against fraud. *See Placencio v. Progressive Paloverde Ins. Co.*, Civ. Action No. 17-01433, 2019 WL 348799 (W.D. La. Jan. 28, 2019). Whether the gutting of the Property was due to Plaintiff's desire to renovate the Property, to mitigate Hurricane Ida storm damage, or to thwart Defendant's ability to assess that damage properly will turn on the credibility of the witnesses, including Plaintiff and Kyle Diez of 911 Restoration, as well as Defendant's own witnesses. The Court is not permitted to make such determinations and weigh the evidence when considering a motion for summary judgment.

Lastly, Defendant maintains that there is no bad faith on its part because it had a reasonable, good-faith basis to dispute coverage and that summary judgment is therefore appropriate on the bad faith claims. R. Doc. 136-1, pp. But, as Plaintiff points out, assessing whether an insurer acted arbitrarily, capriciously, or without probable cause is a highly fact intensive inquiry. *See Radosta v. Lexington Ins. Co.*, Civ. Action No. 13-441, 2014 WL 1513424, * 5 (E.D. La. April 16, 2014)("[W]hether the insurer acted arbitrarily, capriciously, or without probable cause depends on

6

the facts and circumstances of the case and what the insurer knew at the time of its actions. This is generally a factual issue."). "Because of the fact-intensive inquiry involved, a court should be reluctant to grant summary judgment on the issue of whether an insurance company acted in good faith." *Id.* (citing 15 William Shelby McKenzie and H. Alston Johnson, *Louisiana Civil Law Treatise: Insurance Law & Practices* § 11:6 (4th ed.)). In this case, there is a plethora of evidence indicating that a genuine dispute exists between Plaintiff and Defendant regarding the extent of Plaintiff's damages. While Plaintiff will have a heavy burden of proving that Defendant's delay was completely unjustifiable and not based on a good-faith dispute regarding the extent of Plaintiff's claim, it would be inappropriate for this Court on this record to conclude on summary judgment that Plaintiff will be unable to prove her claim. In sum, the Court finds summary judgment on the issue of bad faith is not warranted at this time.

Accordingly, **IT IS ORDERED** that Defendant's Motion for Summary Judgment (R. Doc. 136) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Deadlines (R. Doc. 172) is DENIED. Plaintiff has had sufficient time to review the record and prepare for trial.

New Orleans, Louisiana, this 30th day of September 2025.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE